IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| QUINTON TYRELL LESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:21CV317 |
| ) | 1:17CR317-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 43) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner pled guilty to being a felon in possession of a firearm. (Docket Entries 1, 12-13; 11/14/2017 Minute Entry.) He was later sentenced to 78 months of imprisonment and judgment was entered on May 23, 2018. (Docket Entry 29; Minute Entry 4/11/2018.) The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on December 18, 2018. *United States v. Lester*, 745 F. App'x 476 (4th Cir. 2018). Petitioner did not file for certiorari with the United States Supreme Court. (Docket Entry 43, § 9(g).) However, Petitioner did later file a motion pursuant to 28 U.S.C. § 2255 on April 8, 2021, which was ultimately dismissed without prejudice for lack of a signature. (Docket Entries 40, 41, 45.) Petitioner executed the instant § 2255 motion on April 15, 2021 and filed it on April 19, 2021. (Docket Entry 43.) The Government then filed a motion to dismiss and response. (Docket Entry 46.) Petitioner was notified of his right to file a response/reply

(Docket Entry 47); however, none has been filed and the time to do so has long since expired. This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUNDS FOR RELIEF

Petitioner raises four grounds for relief all of which contend, in one way or another, that his conviction for being a felon in possession of a firearm is unconstitutional under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Docket Entry 43, Grounds One through Four.) As explained below, Petitioner's grounds are both time-barred and without merit.

## DISCUSSION

**A. Petitioner's Grounds Are Time-Barred.**

Respondent requests dismissal on the ground that Petitioner's motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). (Docket Entry 46 at 5-7.) The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, Petitioner's conviction became final in mid-March of 2019, when the time to file a petition with the United States Supreme Court

2

expired, ninety days after the Fourth Circuit Court of Appeals affirmed his conviction on December 18, 2018. *See Morales Pena*, 719 F. App'x at 265; *Clay*, 537 U.S. at 527 (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires") (internal citations omitted); *see also* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment."). Petitioner's one year period to file therefore started at the earliest in mid-March of 2019 and expired in mid-March of 2020. However, Petitioner did not seek relief pursuant to 28 U.S.C. § 2255 in this Court until April of 2021. (Docket Entries 40 and 43.) Both Petitioner's motions were therefore more than one year late under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. The Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019) on June 21, 2019, which was issued more than a year and a half before Petitioner filed his motions in this Court in April of 2021. Petitioner's motion is not timely under § 2255(f)(3).

3

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner fails to demonstrate how this subsection is relevant, nor does the Court see how it could be relevant. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

The Supreme Court has also determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not request equitable tolling and the Court does not see how or why it would apply here. Petitioner's grounds for relief are time-barred and should therefore be dismissed.

**B. Petitioner's Grounds Fail on the Merits.**

Petitioner's grounds for relief also fail on the merits. More specifically, under 18 U.S.C.§ 922(g)(1), any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(1). According to *Rehaif*, the Government must prove not only "that the Defendant knew he possessed a firearm" but that he also "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2220. Further, following the filing of Petitioner's motion, the United States Supreme Court decided the case of *Greer v. United States*, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under *Rehaif* that were raised for the first time on direct appeal and subject to plain error

4

analyses.[1] To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Id.*, 141 S. Ct at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). The Court therefore concluded that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

The burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review Frady's § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Further, in light of the standard set out above, at a minimum to establish prejudice a petitioner would at least have to make a sufficient argument

---

[1] One of the cases that the Supreme Court reversed in *Greer* was *Gary*, a Fourth Circuit case. *Gary* held that a *Rehaif* "error is structural, which per se affects a defendant's substantial rights." *Gary*, 954 F.3d at 200. In *Greer*, however, the Supreme Court made clear "a *Rehaif* error in a plea colloquy is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" 141 S. Ct. 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). Consequently, any assertion that a *Rehaif* error is per se reversible has no merit. Therefore, *Gary* cannot serve as a basis for Petitioner's argument.

5

or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year.

Here, any contention by Petitioner that he was unaware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year is also unpersuasive. For example, Petitioner had served nearly 45 continuous months in custody as a result of his felony manslaughter and related convictions and several drug convictions. (Docket Entry 20, ¶¶ 40, 42-43.) Petitioner does not assert that he was unaware of these felony convictions or periods of incarceration. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"); *see also United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) ("Moody argues . . . that the district court did not properly describe the mens rea requirement because he believes *Rehaif* requires the government to prove not just knowledge of status but also knowledge that this status prohibits firearm possession. . . . There is no basis in the Court's reasoning [in *Rehaif*] to extend the typical scienter requirement . . . to the knowledge that possession of a firearm is prohibited. But there are several good reasons to reject such an extension."). Because of all this, there is no reason to believe that absent any *Rehaif* error here, the outcome of the proceeding would have been different. Consequently, Petitioner's *Rehaif* claims are both time-barred and without merit.[2]

---

[2] For the same reasons, Petitioner's *Rehaif* claim fails regardless of whether it is predicated upon a purported Court error or upon alleged ineffective assistance of counsel and regardless of whether it asserts a defect in the indictment, the plea colloquy, or both.

6

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Government's motion to dismiss (Docket Entry 46) be **GRANTED**, that Petitioner's motion (Docket Entry 43) to vacate, set aside, or correct sentence be **DISMISSED**, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

May 4, 2022
Durham, North Carolina